IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Donald Lawson, )
    Plaintiff, )
     )
v. ) 1:11cv949 (AJT/IDD)
     )
Lieutenant Richard Miles, et al., )
    Defendants. )

MEMORANDUM OPINION

This Matter is before the Court on a Motion to Dismiss filed jointly by the defendants in this action. Donald Lawson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants subjected him to excessive force. Defendants filed a joint Motion to Dismiss on February 2, 2012. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, defendants' Motion to Dismiss will be granted.

I. Background

All events described in the complaint occurred while plaintiff was incarcerated at Southside Regional Jail in Emporia, Virginia. On January 4, 2011, plaintiff alleges that he injured his back when he slipped and fell in a pool of water while walking from his cell to the bathroom. Compl. at 4, ECF No. 1. Because plaintiff allegedly fell "very hard on the concrete floor," he was taken to the emergency room at a hospital in Emporia, Virginia where he was prescribed Motrin and sent back to the custody of the jail. Id.

On January 31, 2011, plaintiff visited Doctor Ofogh, the doctor at Southside Regional Jail, because he continued to experience pain in his back from the fall. Id. at 5. Doctor Ofogh

1

informed plaintiff nothing was wrong with his back, but told plaintiff he would "have [him] observed in bed." Id. Following the appointment, plaintiff returned to his cell. Id. Several minutes later, Lieutenant Miles allegedly approached plaintiff and told him to pack up his belongings because he was being moved to segregation for medical observation. Id. Plaintiff "did not feel that was right" so he told Lieutenant Miles that he was refusing medical treatment. Id. Allegedly, Lieutenant Miles responded, "No matter what you say, you're going" and then "dragged [plaintiff] out of bed on the concrete floor and across the unit through two other units to the 100 unit segregation." Id. Plaintiff alleges that he "pleaded" with Lieutenant Miles "to stop because [his] back was in such pain, but [Lieutenant Miles] kept dragging [plaintiff]." Id. at 6.

Plaintiff reported the incident to Captain Johnson, who is Lieutenant Miles' supervisor. The inmate grievance report filed by plaintiff was attached to the complaint,[1] and contains Captain Johnson's handwritten response to plaintiff's grievance against Lieutenant Miles. Captain Johnson first confirmed that plaintiff was placed in segregation for medical observation pursuant to Doctor Ofogh's orders. Id. at 13 (copy of "Inmate Request Form"). Additionally, Captain Johnson wrote, "[t]he reason you were escorted by Lieutenant Miles was because you refused to go on your own." Id. Plaintiff readily admits that he refused to comply with Lieutenant Miles' orders, explaining that he "refus[ed] medical treatment" because it required him to move to segregation. Id. at 5. Additionally, in a copy of a February 3, 2011, Inmate Report Form, which was also attached to the complaint, plaintiff states that he refused medical attention when Lieutenant Miles arrived at his cell and told Lieutenant Miles "do what you have to do." Id. at 15 (copy of additional "Inmate Request Form.").

---

[1] The Complaint alleges that the incident with Lieutenant Miles occurred on January 31, 2011, but the Inmate Request Form regarding the incident is dated January 30, 2011.

Plaintiff alleges that the foregoing allegations amount to "physical abuse" and cruel and unusual punishment. Construed liberally, it is apparent that plaintiff intends to assert a claim of excessive force in violation of the Eighth Amendment.[2] As relief he seeks monetary damages, injunctive relief, and the appointment of an attorney.

## II. Standard of Review

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining whether a motion to dismiss should be granted, the alleged facts are presumed true and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 668. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly,

---

[2] It is not entirely clear whether plaintiff is a pretrial detainee or a convicted prisoner. Because plaintiff was confined at the Southside Regional Jail when the events at issue occurred, it appears likely that he was a pretrial detainee. If that is so, plaintiff's claim is governed by the Due Process Clause of the Fourteenth Amendment, rather than by the Eighth Amendment. It is well established, however, that the due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 250 (4th Cir. 2005). Therefore, in an abundance of caution, plaintiff's claim will be analyzed pursuant to the more rigorous standard of the Eighth Amendment.

550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 679.

Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

In determining whether a complaint states an Eighth Amendment claim that defendants used excessive force, the "core judicial inquiry" is "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated . . . whether or not significant injury is evident. Hudson, 502 U.S. at 9.

Although the Supreme Court has "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim," Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010), the extent of the injury is nonetheless relevant to the Eighth Amendment inquiry both because it may suggest whether the use of force plausibly could have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins, 130 S.Ct. at 1178. Thus, "[i]njury and force

. . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury. Id. at 1178-79.

Here, defendants argue that plaintiff's complaint must be dismissed because he has failed to allege that the defendants applied force maliciously and sadistically for the sole purpose of causing harm to the plaintiff. To the contrary, defendants argue that plaintiff's allegations establish that the use of force was necessary because plaintiff refused to obey orders.

Defendants are correct in their assertions. Accepting all of plaintiff's allegations as true, as is required when adjudicating a 12(b)(6) motion to dismiss, plaintiff has failed to establish that the defendants acted maliciously and sadistically to cause harm. Plaintiff's allegations that Lieutenant Miles' actions constituted "cruel and unusual punishment" and "physical abuse" are nothing more than "conclusory allegations regarding the legal effect of the facts alleged." Labram v. Havel, 43 F.3d 918 (4th Cir. 1995). Such allegations are insufficient to state a claim for excessive force, particularly in light of plaintiff's admission that Lieutenant Miles only used force to escort plaintiff to segregation after plaintiff refused to follow his orders. Compl. at 5-6 (emphasis added). Additionally, plaintiff concedes that he informed Lieutenant Miles that he was refusing medical treatment and that he told Lieutenant Miles to "do what you have to do." Id. at 5-6, 15. These allegations, standing alone, are insufficient to establish that Lieutenant Miles acted maliciously and sadistically with the sole purpose of causing harm to the plaintiff.

Moreover, although the extent of the injury sustained by the plaintiff is not dispositive in the analysis, it is still a factor which courts can consider when determining whether the use of force in a particular situation was necessary or excessive. In this case, plaintiff fails to allege that he suffered any additional injury to his back after Lieutenant Miles "dragged" him to the

segregation unit. Therefore, the allegations do not establish that the use of force was excessive under the circumstances. Accordingly, defendants' Motion to Dismiss insofar as it concerns the allegations against Lieutenant Miles will be granted.

Plaintiff has also failed to state a claim against Captain Johnson. The only factual allegation concerning Captain Johnson is that he responded to plaintiff's grievance against Lieutenant Miles by informing plaintiff "[t]he reason you were escorted by Lieutenant Miles was because you refused to go on your own." Id. at 13. Because plaintiff does not allege that Captain Johnson was personally involved in the incident, it appears that he is seeking to hold Captain Johnson liable on the basis of supervisory liability. Supervisory officials may be held liable only in certain circumstances for the constitutional injuries inflicted by their subordinates. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. To establish supervisory liability under § 1983, a plaintiff must demonstrate:

> that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

6

Id. at 799 (citations omitted). Here, plaintiff's allegations fail to satisfy the foregoing standard because he fails to allege that Captain Johnson had any knowledge of Lieutenant Miles' conduct prior to the alleged incident. Moreover, plaintiff's attempt to hold Captain Johnson liable on the basis of his response to plaintiff's grievances is also unavailing because inmates do not have a constitutionally protected right to a grievance procedure and no liability exists under § 1983 for a prison administrator's response to a grievance or appeal. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Brown v. Va. Dep't Corr., No. 6:07-CV-00033, 2009 WL 87459, at *13. (W.D. Va. Jan. 9, 2009). Accordingly, defendants' Motion to Dismiss insofar as it concerns Captain Johnson will be granted.

Plaintiff's Response to the Motion to Dismiss does not alter the outcome of the foregoing analysis. Initially, it must be noted that plaintiff raises new factual allegations in his response, including an allegation that Lieutenant Miles acted "maliciously and sadistically." Pltf.'s Resp. at 7, ECF No. 25. Additionally, plaintiff submitted a copy of his medical record, which also contained new facts regarding the extent of plaintiff's back injury. Id. at 9-27. When matters outside the pleadings are presented in a response to a 12(b)(6) motion, a district court has discretion to exclude the additional material. See Fed. R. 12(d); Fonte v. Bd. Managers of Cont'l Towers Condo., 848 F.3d 24, 25 (2d Cir.1988) ("Factual allegations contained in legal briefs or memoranda are . . . treated as matters outside the pleadings for purposes of 12(b)(6).)

Here, the Court will exercise that discretion and exclude the new factual allegations raised in plaintiff's response. However, even if the Court were to consider these allegations, they would still fail to establish liability on behalf of the defendants. First, plaintiff's allegations regarding Lieutenant Miles are insufficient to state a claim because they are merely conclusory and "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662,

7

681 (2009). Moreover, plaintiff's medical records negate any notion that plaintiff may have sustained a significant injury when he was forcibly escorted to segregation because they establish that there are "no significant abnormalities" in plaintiff's back. See, e.g, Pltf.'s Resp. at 20.

Additionally, the main argument advanced by plaintiff in his response is that the core judicial inquiry in excessive force claims is not the extent of the injury, but the nature in which the force was applied. This aspect of the Eighth Amendment analysis was never disputed by the defendants. Moreover, plaintiff's repeated recitation of this element of an excessive force claim does not change the fact that he failed to establish that under the circumstances the defendants applied force maliciously and sadistically for the sole purpose of causing harm.

### IV. Outstanding Motions

Also before the Court are plaintiff's "Motion of Discovery Witness" and defendants' Motion to Strike Rebuttal Brief. Because the Motion to Dismiss will be granted, plaintiff's Motion of Discovery Witness will be dismissed as moot.

Additionally, after the defendants filed their rebuttal to plaintiff's response, plaintiff filed his own rebuttal brief. Local Rule 7(F) provides that once a moving party has filed a brief in support of their motion and the opposing party has filed a responsive brief, the only other brief that may be filed is a rebuttal brief by the moving party. Once such briefing has been completed, "[n]o further briefs or written communications may be filed without obtaining leave of Court." Local R. 7(F). Here, because plaintiff filed a rebuttal brief without first obtaining leave of the Court, the defendants' request that the rebuttal not be considered and stricken from the record. Because plaintiff failed to comply with Local Rule 7(F), defendants' Motion to Strike Rebuttal Brief will be granted.

## V. Conclusion

For the foregoing reasons, defendants' Motion to Dismiss will be granted. Plaintiff's Motion for Discovery Witness will be denied as moot, and defendants' Motion for Discovery Brief will be granted. An appropriate Order and Judgment shall issue.

Entered this 6th day of August 2012.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge